# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-61378-BLOOM/Valle

INTERIM HEALTHCARE INC.,

      Plaintiff,

v.

HEALTH CARE@HOME, LLC and
STEVEN COHN,

      Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant, Health Care@Home, LLC's Verified

Motion to Dismiss Complaint and Memorandum of Law in Support Thereof, ECF No. [36], filed

on October 2, 2017.  ECF No. [36] ("Motion").  The Court has carefully reviewed the Motion, all

opposing and supporting materials, the record in this case and the applicable law, and is

otherwise fully advised.  For the reasons set forth below, the Motion is denied.

### I.    Factual Background[1]

Plaintiff Interim Healthcare Inc. ("Interim" or "Plaintiff") operates a health care staffing

franchise which provides nursing, therapy, and non-medical home care, hospice, and healthcare

staffing through over 300 franchisees throughout the United States.  ECF No. [1] ¶ 5.  Defendant

Healthcare@Home ("HCH" or "Defendant"[2]) is one such franchisee.  *Id.* ¶¶ 1, 9.  On August 30,

2013, Interim and HCH entered into a Franchise Agreement which granted HCH an Interim

---

[1] The Court accepts the well-pleaded factual allegations found in the complaint, ECF No. [5-1]
("Complaint") as true.  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).
[2] HCH's principle, Steven Cohn, was initially also a named defendant in this action, but the
parties have since settled the claims against him.  *See CITE.*

franchise in a portion of Arizona ("Franchise Agreement" or "Agreement"). *Id.* ¶ 9; *see also* ECF No. [1-1] at 5. Under the Franchise Agreement, HCH agreed to pay certain weekly service charges based on a percentage of sales, and, in the event that the service charge was not timely paid, certain late fees. *Id.* ¶¶ 12–13; *see also* ECF No. [1-1] at 17–21. The Franchise Agreement further allows for termination by Interim in the event of HCH's default by "fail[ing] to fully and faithfully perform and abide by all of the terms, covenants, and conditions of th[e Franchise] Agreement." ECF No. [1-1] at 23. The Franchise Agreement also contains an eleven-month non-compete clause and a clause which allows the prevailing party in any litigation to recover reasonable attorneys' fees, costs and expenses. *Id.* at 14–15; see also ECF No. [1-1] at 15.[3]

Accordingly to the Complaint, the parties operated without event under the Franchise Agreement until June 1, 2015, when Interim served HCH with a notice of default, claiming HCH owed Interim $72,774.37 under the Agreement. *Id* ¶ 16. On March 13, 2017, Interim terminated the Franchise Agreement because HCH had failed to cure the defaults noticed in the June 2015 default notice. *Id.* ¶ 17. On June 6, 2017, Interim further notified HCH that it was in violation of the eleven-month non-compete clause contained in the Franchise Agreement. *Id.* ¶ 20.

According to the Complaint, as of May 31, 2017, HCH owed $399,803.63 in past due royalties under the Franchise Agreement. *Id.* ¶¶ 19, 24–25. Interim also alleges that it is due $1,436,400 in "future royalties," which it has calculated by multiplying the number of weeks (336) remaining on the ten year Franchise Agreement by the "average weekly service charge due from HCH" ($4,275). *Id.* ¶¶42–44. Finally, Plaintiff also seeks attorneys' fees, costs, and expenses payable to the prevailing party in pursuant to Franchise Agreement. *Id.* ¶¶ 26, 45.

## II. Procedural Background

---

[3] Plaintiff has attached the Franchise Agreement to the Complaint. Because the Franchise Agreement is integral to the Complaint and no party has challenged its authenticity, the Court may consider it without turning this motion into a motion for summary judgment.

Based on the foregoing, Plaintiff filed its Complaint, ECF No. [1] on July 11, 2017 alleging three causes of action: Count I – Breach of Contract – Past Due Royalties; Count II – Breach of Contract – Non-Compete; and Count III – Breach of Contract – Future Royalties. On December 4, 2017, the Court entered an Order pursuant to the parties' stipulations, ECF Nos. [56] & [57], dismissing all claims against Defendant Cohen and Count II in its entirety. ECF No. [58]. Accordingly, the only claims remaining before the Court are Counts I and III against HCH, both of which HCH seeks to dismiss.

In its Motion, HCH argues that Count I fails to state a claim because Interim fails to allege that it complied with all its obligations under the contract. ECF No. [36] at 17. HCH further argues that Count III fails to state claim because the alleged future royalties are speculative and that it was Interim's conduct in terminating the agreement—rather than HCH's—that caused any alleged future royalty damages. ECF No. [36] at 15–16. In Opposition to both these arguments, Interim argues that both claims have been sufficiently plead. First, it argues that Count III states a claim because HCH's argument regarding damages is irrelevant on a motion to dismiss a claim for breach of contract under 12(b)(6). *Id.* at 8. Second, it argues that Count I is sufficiently plead by reiterating the allegations plead in the Complaint and stating that "Interim has pled all the elements of a breach of contract claim and therefore, pled enough facts to state a claim of breach of contract that is plausible on its face." *Id.* at 8–9.[4]

### III.    Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a

---

[4] The Court notes that both parties' request attorneys' fees, costs, and expenses in the Motion. These requests, to the extent cognizable, are premature and dismissed without prejudice. *See* ECF Nos. [36] at 17–18; [45] at 9–10; [47] at 5.

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). Although the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted). In the Rule 12(b)(6) context, a plaintiff's pleadings should be read as a whole. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1383 (11th Cir. 2010) (interpreting specific language in complaint within the context of the entire complaint); *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1252 n.11 (11th Cir. 2005) (stating that, in a Rule 12(b)(6) context, "[w]e read the complaint as a whole"). But pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556

U.S. at 679; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009)

("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing

the sufficiency of plaintiff's allegations."). Through this lens, the Court addresses the instant

Motion.

## IV.    Analysis

The parties recognize that Florida law governs the construction of the Franchise

Agreement. See ECF No. [1-1] ¶19. "[U]nder Florida law, franchise agreements are considered

personal service contracts." *Burger King Corp. v. Agad*,911 F. Supp. 1499, 1506 (S.D. Fla. 1995)

(citing *Burger Chef Sys., Inc. v. Burger Chef of Fla.*, Inc., 317 So. 2d 795, 797 (Fla. 4th DCA

1975)). To state a claim for breach of a franchise contract, a plaintiff must allege: (1) a valid

contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *Vega

v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins.

Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008)).

The non-breaching party may "choose between being placed in the position it would have

been in had the contract been fully performed by seeking an award of lost profits or the position

it would have been in prior to the breach, which would be accomplished through an award of

reasonably foreseeable damages." *Burger King Corp. v. Hinton, Inc.*, 203 F. Supp. 2d 1357,

1366 (S.D. Fla. 2002) (citations omitted). Thus, a non-breaching party may be entitled to

expectation damages for breach of a franchise agreement. *Hinton*, 203 F. Supp. 2d at 1366

(citing *Born v. Goldstein*, 450 So.2d 262, 264 (Fla. 5th DCA 1984); *Adams v. Dreyfus Interstate

Dev. Corp.*, 352 So. 2d 76 (Fla. 4th DCA 1977). Specifically, to recover expectation damages,

such as lost profits, a claimant must prove: (1) a breach of contract; (2) loss as a proximate result

of the breach; (3) the loss was, or should have been within the reasonable contemplation of the

parties; and (4) the loss is not remote, contingent, or conjectural and the damages are reasonably

certain. *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1317 (11th Cir. 2001) (citations omitted) (applying Florida law). Importantly, "not only must the measure of damages be calculable to a reasonable certainty, but the cause of the loss must not be speculative." *R.A. Jones & Sons, Inc. v. Holman*, 470 So.2d 60, 71 (Fla. 3d DCA 1985).

Applying this standard to the Complaint before the Court, both Counts I and III survive dismissal. First, as to Count I, Plaintiff has alleged the valid franchise agreement, Defendant's material breach by failing to make the required payments pursuant to that Agreement, and damages resulting from the breach amounting to $399,803.63. ECF No. [1] at 22–26. This is sufficient to allege a breach of contract past due royalties. While HCH argues in its Motion to Dismiss that Plaintiff has not alleged that it performed its obligations under the Agreement, to the contrary Plaintiff states: "Interim Healthcare has performed all of its obligations under the Franchise Agreement." ECF No. [1] ¶ 23. Taking Plaintiff's allegations as true as the Court must at this stage, this claim survives dismissal.

As to Count III, breach of contract for future royalties, Defendant's Motion to Dismiss must also be denied. While Plaintiff appears to acknowledge that Florida courts are hesitant to award lost future royalties and Defendant cites to *Beefy Trail, Inc. v. Beefy King International, Inc.*, 267 So. 2d 853 (Fla. 4th DCA 1972), in support of its argument that future royalties are not recoverable in Florida, as a matter of law, future royalties are available in this state for a breach of franchise agreement. *Lipscher*, 266 F.3d 1317. Here, Plaintiff has alleged a breach of the Franchise Agreement, lost profits as a proximate cause of that breach, that these losses were reasonably contemplated by the parties based on the ten year term of the Franchise Agreement, and that the losses alleged are not too speculative as they are based on the average weekly fees and the remaining weeks on the agreement. ECF No. [1] at 39–44. Moreover, Defendant's citation to *Ad-Vantage Te. Directory Consultants, Inc. v. GTE Directories Corp,* 943 F. 2d 1511

(11th Cir. 1991), further highlights that dismissal at this stage is not warranted. The Eleventh Circuit Court of Appeals, in reviewing the sufficiency of evidence introduced at trial, noted that "[t]o recover anticipated lost profits in Florida, a plaintiff must demonstrate such a loss with reasonable certainty by competent proof. The expenses incurred to produce the net profits must be established in specific dollar amounts" *Id.* at 1513. Here, the Plaintiff will be held to that standard at trial. However, at the pleading stage, Plaintiff's breach of contract claim survives dismissal.

### V. Conclusion

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [11]**, is **DENIED.**

2. The Defendant shall file its Answer to the Complaint **no later than February 20, 2018.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of February, 2018.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record