UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-61378-BLOOM/VALLE

INTERIM HEALTHCARE, INC.,

       Plaintiff,

v.

HEALTH CARE@HOME, LLC, *et al*.,

       Defendants.

_____/

### REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Verified Motion for Attorneys' Fees, Costs, and Expenses (the "Motion"). (ECF No. 187). United States District Judge Beth Bloom referred the Motion to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636. (ECF No. 188). The undersigned has reviewed the Motion, Defendant's Objection (ECF No. 191), Plaintiff's Reply (ECF No. 192), Plaintiff's Notice of Previously Awarded Fees and Costs (ECF No. 190), and is otherwise duly advised in the matter. Accordingly, the undersigned recommends the Motion be **GRANTED IN PART AND DENIED IN PART**. For the reasons discussed below, Plaintiff should be awarded $488,838.15 in attorneys' fees and $46,066.71 in costs, for a total award of $534,908.86.

### I.      BACKGROUND

On July 11, 2017, Interim Healthcare, Inc. ("Plaintiff") commenced this action against Defendant Health Care@Home, LLC ("Defendant") alleging claims for breach of contract for failure

to pay past royalties (Count I) and payment of future royalties (Count III).[1]  *See generally* (ECF No. 1); *see also* (ECF No. 185) ("Findings of Fact and Conclusions of Law"). Defendant, in turn, alleged six counterclaims against Plaintiff for violations of the Florida Deceptive and Unfair Trade Practices Act (Counts I and II), fraud in the inducement (Count III), breach of contract (Count IV), breach of the covenant of good faith and fair dealing (Count V), and violation of the Florida Franchise Act (Count VI), seeking monetary damages and an award of attorneys' fees and costs.  (ECF No. 81); *see also* Findings of Fact and Conclusions of Law.  After a five-day bench trial, the District Court found that "Plaintiff ha[d] met its burden of establishing a breach of contract" and "Defendant ha[d] failed to meet its burden to establish any of its counterclaims."  Findings of Fact and Conclusions of Law at 26.  Thus, the District Court entered Final Judgment in favor of Plaintiff and against Defendant on all claims, and awarded Plaintiff  $1,372,048.79 in damages.  (ECF No. 186); *see also* (ECF No. 187 at 4).  The Court also reserved jurisdiction to award attorneys' fees and costs.  (ECF No. 186). The instant Motion followed.

## II.  MOTION FOR ATTORNEYS' FEES

### A.  Entitlement to Attorneys' Fees

Under the "American Rule," litigants are not entitled to an award of attorney's fees for prevailing in litigation "unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010)); *see also In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005).  Here, the Franchise Agreement establishes a contractual relationship between the parties.  (ECF No. 1-1, the "Agreement").  More specifically, the Agreement provides that in litigation to enforce any term or

---

[1] Although the Complaint (ECF No. 1) alleged a Count II against Defendant, that claim was dismissed with prejudice by stipulation of the parties.  *See* (ECF No. 56).  The parties also settled the claim against Steven Cohn before trial.  *See* (ECF Nos. 185 at 2 n.1 and 192 at 1-2).

2

condition of the Agreement, "the non-prevailing party shall pay to the prevailing party reasonable attorneys' fees . . . and costs and expenses incurred in connection with the prosecution or defense of such action (including at any appellate level)." (ECF 1-1 at 26); *see, e.g.*, *Marlite, Inc. v. Eckenrod*, No. 09-22607-CIV, 2011 WL 31095, at *2 (S.D. Fla. Jan. 5, 2011) (awarding attorneys' fees based on contractual provision). Plaintiff obtained Final Judgment in its favor and is the prevailing party. *See* (ECF No.186); *see also PGT Indus. Inc., v. Harris & Pritchard Contracting Servs., LLC*, No. 8:12-CV-358-T-33TGW, 2013 WL 1934929, at *2 (M.D. Fla. May 9, 2013) (citation omitted). Consequently, as the prevailing party, Plaintiff is entitled to reimbursement for its reasonable attorneys' fees and costs pursuant to the Agreement between the parties.

### B.  The Lodestar Method of Determining Reasonable Fees

Courts in the Eleventh Circuit use the "lodestar" method to calculate the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, a court first determines the reasonable rate of an attorney's services and then determines if the amount of hours expended by counsel was reasonable. *Id.* at 1299-1302. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. The relevant legal community is "the place where the case is filed." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotations and citation omitted). The movant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," and "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299.

When determining whether the number of hours expended by counsel is reasonable, the court "must deduct time spent on discrete and unsuccessful claims." *Id.* at 1302 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Further, where a court finds the number of hours claimed by

counsel is unreasonably high, the court may conduct an hour-by-hour analysis or reduce the requested hours with an across-the-board cut, but not both. *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### 1.   Reasonable Hourly Rates

In determining reasonable hourly rates in South Florida, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[2]   The Court also may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1303).

Here, Plaintiff seeks to recover fees incurred by ten individuals from two different law firms, for a total fee request of $551,294.60 based on 1,366.8 hours expended by attorneys and staff.[3] *See*

---

[2] The Eleventh Circuit has adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

[3] Plaintiff initially requested $553,079.60 in fees based on 1,371.8 hours, but later revised its request to exclude five hours, totaling a reduction of $1,785 in fees. *Compare* (ECF Nos. 187 at 3, 6, 7) *with* (ECF No. 192 at 2 n.1, 9). According to the Motion, Fisher Zucker, LLC ("Fisher Zucker") expended 1,254.40 hours for a total of $513,628.20 in fees. (ECF Nos. 187 at 3, 187-1 at 4, 5). Hicks, Porter, Ebenfeld & Stein P.A. ("Hicks Porter"), in turn, expended 112.7 hours, totaling $39,451.40 in fees. *See* (ECF Nos. 187 at 3 and 187-2 at 2 ¶¶ 7, 11) .

(ECF Nos. 187 at 3, 6, 7 and 192).   Specifically, Plaintiff was represented in this action by the Philadelphia law firm of Fisher Zucker, which has an international practice representing franchisors for more than 26 years.   (ECF No. 187 at 3).   Plaintiff also retained the Miami-based law firm of Hicks Porter to act as local counsel.  *Id.*  Plaintiff's counsel's requested hourly rates are summarized below.

| REQUESTED HOURLY RATES | | |
|---|---|---|
| **Fisher Zucker Timekeeper** *See generally* **(ECF No. 187-1)** | **Years of Practice/ Experience** | **Requested Hourly Rate** *See generally* **(ECF No. 187-1)** |
| Jeffrey Zucker | 26 | $440/$475 |
| Joseph Dunn | 24 | $440 |
| JoyAnn Kenny | 17 | $425 |
| Frank Reino | 16 | $400/$410 |
| Priya Vamalassery | 11 | $375 |
| Brian Thomas | 1 | $290 |
| Vincent Silvanio | 2L – Law Clerk | $200 |
| | | |
| **Hicks Porter Timekeeper** *See generally* **(ECF No. 187-2)** | | **Requested Hourly Rate** *See generally* **(ECF No. 181-2)** |
| Shannon Kain | 14 | $350 |
| Cindy Ebenfeld | 26 | $350 |
| Kristen Brito | Paralegal | $110 |

Plaintiff contends that these rates are reasonable given the legal skill and experience of each practitioner.  *See generally* (ECF No. 187-1 and 187-2) (attorney declarations in support of Motion). As discussed below, Defendant does not object to counsel's hourly rates, but challenges some of the time entries and many of the expenses incurred in this action.  *See generally* (ECF No. 191).

   a.  *Fisher Zucker Attorneys and Staff*

Attorney Jeffrey Zucker is the managing partner at Fisher Zucker and has 26 years of franchise law experience.   (ECF No. 187 at 5).   Attorney Zucker has been admitted to practice law in Pennsylvania and New Jersey since 1993.  (ECF No. 187-1 at 2)*.* Attorney Zucker attends continuing legal education classes almost exclusively in franchise law, has written franchise law articles, and has

spoken at franchise law seminars. *Id.* During his representation of Plaintiff, attorney Zucker's hourly rate was $440, but increased to $475 on January 1, 2019. *Id.*

Attorney Joseph Dunn is a partner at Fisher Zucker with 24 years of experience. (ECF No. 187 at 5). Attorney Dunn has been admitted to practice law in Pennsylvania and New Jersey since 1995. Since 2001, he has represented franchisors in litigation and transactional matters. (ECF No. 187-1 at 3). Attorney Dunn's hourly rate is $440. *Id.*

Attorney JoyAnn Kenny has 17 years of experience and has represented franchise companies in a wide range of litigation, transactional, and regulatory matters since 2002. (ECF Nos. 187 at 5 and 187-1 at 3). Since 2002, attorney Kenny has been admitted to practice law in Pennsylvania and New Jersey. (ECF No. 187-1 at 3). She has attended continuing legal education classes almost exclusively in franchise law, has written franchise law articles, and has spoken at franchise law seminars. *Id.* During her representation of Plaintiff, attorney Kenny's hourly rate was $425. *Id.*

Attorney Frank Reino has 16 years of experience and has been representing franchisors in litigation matters since 2007. (ECF No. 187-1 at 2). Attorney Reino is admitted to practice law in Wisconsin (since 2003), Pennsylvania (since 2006), and New Jersey (since 2006). (ECF Nos. 187 at 5 and 187-1 at 2). During Plaintiff's representation, attorney Reino's hourly rate was initially $400, but increased to $410 on January 1, 2019. *Id.* at 2-3.

Attorney Priya Vimalassery has 11 years of experience and has been representing franchisors in litigation and transactional matters since 2012. (ECF Nos. 187 at 5 and 187-1 at 3). Since 2008,

attorney Vimalassery has been admitted to practice law in Pennsylvania and New Jersey.  (ECF No. 187-1 at 3).  During Plaintiff's representation, attorney Vimalassery's hourly rate was $385.  *Id.*

Attorney Brian Thomas has one year of experience and has been representing franchisors in litigation and intellectual property matters with Fisher Zucker since 2018.  (ECF Nos. 187 at 5 and 187-1 at 4).  Attorney Thomas' hourly rate is $290.  (ECF No. 187-1 at 4).

Law clerk Vincent Silvanio is a second-year law student at Villanova University and billed at an hourly rate of $200.  (ECF Nos. 187 at 5 and 187-1 at 4).

b.  *Hicks Porter Attorneys and Staff*

Attorney Shannon Kain is a partner with Hicks Porter and has 14 years of experience (ECF Nos. 187 at 5 and 187-2 at 1).  She is a member of the Florida Bar and admitted to practice law in this District and in the Eleventh Circuit Court of Appeals.  (ECF No. 187-2 at 1).  Attorney Kain has significant litigation and appellate experience and expended 105.3 hours in Plaintiff's representation at $350 per hour.  *Id.* at 2.

Attorney Cindy Ebenfeld has been a member of the Florida Bar since 1993 and is admitted to practice law in this District and in the Eleventh Circuit Court of Appeals.  (ECF No. 187-2 at 2).  Attorney Ebenfeld expended 5.8 hours on this representation.  *Id.*  Lastly, paralegal Kristen Suarez-Brito expended 1.6 hours working on this case at $110 per hour.[4]  *Id.*

According to the Notice of Previously Awarded Fees, none of the individuals in this case have been involved in any other cases in the Southern District of Florida in the last two years that have resulted in a fee award for their services.  (ECF No. 190).

The undersigned has considered the relevant *Johnson* factors and has reviewed counsel's qualifications and the firms' time records.  *See generally* (ECF No. 187); *see also*  (ECF Nos. 187-1

---

[4] Plaintiff provided no further professional information for paralegal Brito.

and 187-2).  The Court is "deemed an expert on the issue of hourly rates in this community and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'"  *Fiedler v. Anglin's Beach Café, LLC*, No. 15-60989, 2017 WL 1278632, at *1 (S.D. Fla. April 3, 2017) (quoting *Loranger*, 10 F.3d at 781).  Based on this review, and drawing from the Court's own judgment and expertise, the Court finds that the hourly rates for some of the attorneys should be reduced.

Specifically, as noted above, during the representation of Plaintiff, the hourly rate for attorneys Zucker and Reino increased from $440 to $475 and $400 to $410, respectively.  (ECF Nos. 187 at 5 and 187-1 at 2-3).  This hourly increase is without explanation or support in the Motion.  Accordingly, the undersigned finds that the hourly rates at the commencement of the representation are more reasonable rates for this engagement.  *See Ovalle v. Perez*, No. 16-CV-62134, 2017 WL 7792719, at *2 (S.D. Fla. Nov. 9, 2017), *report and recommendation adopted*, 2017 WL 7796183 (S.D. Fla. Nov. 30, 2017) (approving hourly rates between $240 and $450);  *Prof'l LED Lighting, Ltd. v. Aadyn Tech. LLC*, 14-cv-61376, 2015 WL 11570970, at *4 (S.D. Fla. July 22, 2015) (approving hourly rates between $220 and $325); *Rubenstein v. The Florida Bar*, No. 14-CV-20786, 2015 WL 1470633, at *3 (S.D. Fla. Mar. 31, 2015), *report and recommendation adopted*, 2015 WL 11216722, at *1 (S.D. Fla. Apr. 22, 2015).  Moreover, the $290 hourly rate for attorney Thomas, who has only one year of experience, is excessive.  Also excessive for South Florida is billing $200 an hour for second-year law student Silvanio.  Accordingly, the undersigned recommends that attorneys Zucker and Reino be awarded fees at an hourly rate of $440 and $400, respectively, and that the hourly rates for attorney Thomas and law student Silvanio be reduced to $250 and $150, respectively.  The undersigned further

finds that all other hourly rates are reasonable.  Accordingly, the lodestar calculation is summarized

below to reflect counsel's reduced hourly rates and the resulting fees.

| LODESTAR CALCULATION BASED ON REDUCED HOURLY RATES | | | | |
|---|---|---|---|---|
| **Fisher Zucker Timekeeper** | **Years of Practice/ Experience** | **Reduced Hourly Rate** | **Number of Hours** *See* **(ECF Nos. 187-1 at 4, 187-2 at 2)** | **Lodestar Calculation** |
| Jeffrey Zucker | 26 | $440 | 353 | $155,320 |
| Joseph Dunn | 24 | $440 | 2 | $880 |
| JoyAnn Kenny | 17 | $425 | 1 | $425 |
| Frank Reino | 16 | $400 | 532.7 | $213,080 |
| Priya Vamalassery | 11 | $375 | 358.3 | $134,362.50 |
| Brian Thomas | 1 | $250 | 7 | $1,750 |
| Vincent Silvanio | 2L – Law Clerk | $150 | .4 | $60 |
|  |  |  |  |  |
| **Hicks Porter Timekeeper** |  |  |  |  |
| Shannon Kain | 14 | $350 | 105.3 | $36,855 |
| Cindy Ebenfeld | 26 | $350 | 5.8 | $2,030 |
| Kristen Brito | Paralegal | $110 | 1.6 | $176 |
| **Reduced Fees (Lodestar Amount)** |  |  |  | **$544,938.50** |

## 2.    Reasonable Hours Expended

Having determined counsel's reasonable hourly rates, the undersigned next determines the

reasonableness of the hours expended.  Plaintiff requests attorneys' fees for a total of 1,366.8 hours

expended by attorneys and staff at Fisher Zucker and Hicks Porter.[5] According to Plaintiff, it

"obtained all of the affirmative relief it sought from [Defendant], including a money judgment" in

excess of $1.3 million.  (ECF No. 187 at 4).  Additionally, Plaintiff asserts that "[a]ll of the claims at

issue arose from and were inextricably intertwined with the Franchise Agreement." *Id.*  In response,

Defendant argues that the hours expended were excessive or inappropriate as reflected by billing

entries that are: (i) related to work concerning Steven Cohn, a party who settled his claims with

Plaintiff, with an agreement that each party was to bear its own attorneys' fees and costs;

---

[5] This amount reflects Plaintiff's initial request of 1,371.8 hours, reduced by five hours.  *Compare* (ECF Nos. 187 at 6, 7) *with* (ECF No. 192 at 2 n.1, 9).

(ii) duplicative and showing more than one attorney present at several depositions; and (iii) "dubious," such as emails regarding "status" or entries for "uploading documents." *See generally* (ECF No. 191).

The undersigned has reviewed counsel's billing records, (ECF Nos. 187-1 and 187-2), and finds that some adjustment is necessary. First, Plaintiff concedes that certain of its time entries and expenses should be reduced.[6] *See* (ECF 192 at 8-9). Additionally, although not all of Defendant's objections have merit,[7] the undersigned finds that Plaintiff's time entries reflect certain billing inefficiencies. Specifically, several time entries are so vague as to impede meaningful review by this Court. For example, although the text of the 5/1/2018 entry for .3 hours for attorney Zucker indicates "9 – re use of Cohn's prior convictions," the entry fails to describe the actual task performed. (ECF No. 187-1 at 15). The same deficiency occurs on 5/16/2018 where attorney Zucker expended 4 hours on: "3 – deposition transcripts; 9 – Cohn's burden of proof on his claims against Intercom; [and] 6 – deposition outline for Cohn." *Id.* at 16. These entries leave unclear whether the task involved research, drafting, review of deposition transcripts, or a different action by the timekeeper. Moreover, on several occasions, the time entries for attorney Vimalassery describe an "email to client" with no description of the subject matter of the communication. *See, e.g.,* (ECF No. 187-1) (entries dated 3/20/2018, 5/30/2018, 6/21/2018, 7/12/2018); *see also* (187-1 at 19) (6/22/2018 entry

---

[6] As noted previously, Plaintiff concedes that fees should be reduced by $1,785 to reflect work by Hicks Porter related solely to the dismissed claim against Steven Cohn. (ECF No. 192 at 8-9). As discussed below, Plaintiff also concedes that some travel expenses were incorrectly invoiced or were excessive. *Id.*

[7] For example, the undersigned is unpersuaded that the time Plaintiff's counsel spent in April 2018 deposing Mr. Cohn, Ms. Hahn, and Ms. Zastrow is duplicative. *See* (ECF No. 191 at 2). Plaintiff has sufficiently explained the particular contributions of each attorney and the need for both attorneys to be present to properly depose all three witnesses. *See* (ECF No. 192 at 3-4); *Johnson v. Univ. Coll. of Univ. of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983) (noting that an award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation).

for attorney Zucker describing "Status report to client"); *Cf.* (ECF No. 187-1 at 9) (3/29/2018 entry for attorney Vimalassery describing an email to client regarding discovery and draft Interrogatory answers); (ECF No. 187-1 at 40) (3/25/2019 entry for attorney Reino describing an email to and from client regarding statute of limitations for fraud). "A court may deduct hours from the time billed if it finds that the billing entries are either unacceptably vague or so heavily redacted that it cannot discern the legal services provided." *Meyrowitz v. Brendel*, No. 16-81793-CV-MARRA/MATTHEWMAN, 2018 WL 4440492, at *6 (S.D. Fla. Sept. 17, 2018) (citing *Tiara Condo. Ass'n Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1367 (S.D. Fla. 2010)); *see also Bujanowski v. Kocontes,* No. 8:08-CV-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009) (noting that a time entry may be discounted where the description of the work performed is overly vague).

A reduction is also warranted to account for time spent in the performance of non-legal administrative and clerical tasks. *Oreilly v. Art of Freedom Inc.,* No. 17-CV-21251, 2018 WL 6616445, at *4 (S.D. Fla. Dec. 14, 2018) (holding that "fees incurred in commission of non-legal or administrative tasks are not compensable."). Here, the billing records contain multiple entries reflecting clerical and administrative tasks, such as uploading documents to the e-discovery software program, serving and filing legal documents, and calendaring court dates and motion briefing dates. *See, e.g.,* (ECF No. 187-1) (entries for attorney Vimalassery dated 3/13/308, 3/19/2018, 3/30/2018, 6/22/2018, 6/27/2018, 7/27/2018). "[A]n applicant for attorney's fees 'is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks [that] were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment.'" *Celestine v. JP Morgan Chase Bank, N.A.*, No. 17-CV-20915, 2018 WL 6812675, at *6 (S.D. Fla. Oct. 24, 2018) (citation omitted).

Additionally, counsel's billing records include examples of "block billing," which is the practice of including multiple distinct tasks within the same time entry. *See Bujanowski*, 2009 WL

11

1564263, at *2.  To illustrate, the 2/20/2018 entry for attorney Vimalassery for 1.25 hours includes

the following description: "[t]elephone call . . .; Review court order; review agreement; discuss w/Joe;

email to client."  (ECF No. 187-1 at 7); *see also* (3/29/2018 entry for attorney Vimalassery for 1.5

hours describing: "[a]ttention to discovery; finaliz[ing] discovery responses and documents; [and]

draft[ing] cover letter to Cohn attorney"); (4/16/2018 entry for attorney Zucker for 6 hours describing:

"[p]repar[ing] for and attend[ing] deposition of M. Slupeki; Review[ing] PI report on M. Cohn;

Review[ing] additional documents produced by Cohn"); (various 4/16/2018 entries for attorney

Vimalassery ranging from .5 hours to 2 hours, listing multiple tasks that include attention to

deposition, emails to and from Cohn attorney, emails and telephone call with Jeff, attention to

discovery, and attention to criminal background matters).[8]  While the undersigned does not doubt that

counsel worked in good faith on the projects attributed to this case, the Court must be able to verify

the need or relatedness of those projects before it can approve payment for the time incurred.  *See*

*Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *15 (S.D. Fla. July 15,

2011).  Because of counsel's block billing, however, it is impossible for the undersigned "to ascertain

how much time was spent on each task."  *Dial HD, Inc. v. Clearone Comm'n, Inc.*, 536 F. App'x 927,

931 (11th Cir. 2013).

For the foregoing reasons, the undersigned concludes that a reduction in the number of hours

expended is appropriate.  Rather than conducting an hour-by-hour analysis of counsel's time entries,

the undersigned recommends an across-the-board 10% reduction to the lodestar amount to account

---

[8] Although to a lesser extent, the billing records of Hicks Porter also contain examples of block billing. *See, e.g.,* (ECF No. 187-2) (7/9/2017 entry for attorney Kenny totaling .5 hours for "Review Southern District Local Rules re: requirements for pro hac admission; review certifications of F. Reino and J. Zucker to ensure compliance with Local Rules"); (7/10/2017 entry for attorney Kenny for 1.9 hours for "Complete review of complaint, summons, civil cover sheet, and motion for preliminary injunction, supporting memorandum of law, and exhibits, to ensure compliance with all local rules and Eleventh Circuit case law"); (9/20/2017 entry for attorney Kenny totaling .5 for "Review email from P. Vimalassery with draft certificate of interested parties; respond to email and suggest additional parties and entities that should be listed to comply with the court's order dated 8/31/17").

for counsel's vague time entries and inappropriate billing. *See, e.g., Ovalle*, 2017 WL 7792719, at

*4 (recommending a 10% reduction for use of block billing, redacted time entries, and redundancy

in efforts); *Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290 (S.D. Fla. 2017)

(adopting recommendation for a 15% reduction in fees based on billing inefficiencies); *Rubenstein*,

2015 WL 1470633, at *4-6 (recommending a 30% reduction to counsel's hours for use of block

billing); *see also Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is

unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours

with an across-the-board cut).

Consequently, the undersigned recommends that Plaintiff be awarded $488,838.15 in

attorney's fees.[9]

### III.    COSTS AND EXPENSES

Plaintiff also seeks to recover $52,118.04 in costs and expenses incurred during this litigation.

(ECF Nos. 187 at 3, 7 and 187-1 at 4).    Defendant challenges numerous expenses as excessive,

outside the scope of 28 U.S.C. § 1920, and duplicative. *See generally* (ECF No. 191).   Despite

Defendant's objections, the Agreement provides that "the non-prevailing party shall pay to the

prevailing party reasonable attorneys' fees . . . and costs and expenses incurred in connection with

the prosecution or defense of [this] action . . . ." (ECF 1-1 at 26).  Accordingly, Plaintiff's entitlement

to costs and expenses is governed by the Agreement.

Since the award of fees and costs in this case is governed by the Agreement, Defendant's

reliance on § 1920 is misplaced. *See, e.g.*,  *Tampa Bay Water v. HDR Eng'g, Inc.*, No. 8:08-CV-

---

[9] This amount consists of $544,938.50 (the lodestar fee amount) – $1,785 (Plaintiff's conceded reduction) = $543,153.50 (reduced lodestar amount) x .90 =  $488,838.15 (reflecting 10% reduction for billing inefficiencies). *See Dial HD,* 536 F. App'x at 931 (noting that where an hour-by-hour review is impractical, the Court can cut either the total number of hours or the lodestar amount).

2446-T-27TBM, 2012 WL 5387830, at *15 (M.D. Fla. Nov. 2, 2012) (awarding costs under a contract).  As well, many of Defendant's challenges to counsel's costs and expenses are unpersuasive.  For example, Plaintiff's failure to have a third-party expert review its fees and costs is not fatal to the request.  *See Fiedler*, 2017 WL 1278632, at *1 (noting that the Court is "deemed an expert on the issue of hourly rates in this community and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'") (citation omitted).  Additionally, although Plaintiff did not attach the underlying receipts for the individual expenses, the items were clearly reflected in the monthly invoices to the client.  *See generally* (ECF No. 187-1).  Thus, while receipts may have further supported the individual expense/cost, Plaintiff has complied with the Local Rule 7.3(a)(6), which requires only a description and invoice for the claimed fees and expenses.  S.D. Fla. L.R. 7.3(a)(6).  Defendant's challenge to certain hotel/flights/car travel/meals based on a lack of documentation is similarly unpersuasive.  Plaintiff clearly invoiced each item to the client and the lack of underlying receipts does not prevent recovery of the expenses.  Lastly, as noted above, because Plaintiff is requesting reimbursement of costs and expenses pursuant to the Agreement and not § 1920, the failure to include a Bill of Cost pursuant to Local Rule 7.3(c) is not fatal to Plaintiff's request.

Nonetheless, some of Defendant's specific challenges to certain costs and expenses have merit.  For example, Defendant has challenged the expenses incurred for first-class accommodations and air travel.  *See* (ECF No. 191 at 2-3).  Defendant has also challenged a flight between Philadelphia and Canada that was unrelated to this case.  *Id.* at 3.  Plaintiff acknowledges that these expenses should be excluded.[10]   *See* (ECF No. 192 at 8, 9).  Thus, Plaintiff concedes to a total reduction of

---

[10] Specifically, Plaintiff does not object to the following reductions: (i) April 25, 2018 flight reduced to $551 ($551.01 reduction); (ii) July 12, 2018 travel and hotel reduced to $1,279.41 ($1,279.42 reduction); (iii) September 1, 2018 fight cost reduced to $407.10 ($407.10 reduction); (iv) September

$6,051.33 in costs and expenses. *Id.* at 9. Accepting these reductions, the undersigned finds that Plaintiff's remaining expenses are reasonable and appropriate. Accordingly, Plaintiff should be awarded $46,066.71 in costs and expenses under the Agreement.[11]

## IV.    RECOMMENDATION

Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion (ECF No. 187) be **GRANTED IN PART AND DENIED PART**. Plaintiff should be awarded a total of $488,838.15 in attorneys' fees and $46,066.71 in costs, for a total award of $534,904.86.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2019); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on November 27, 2019.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Beth Bloom
     All Counsel of Record

---

17, 2018 flight cost reduced to $407.10 ($407.10 reduction); and (v) exclusion of $3,406.70 for two incorrect charges. *See* (ECF No. 192 at 9).

[11] The amount consists of $52,118.04 (initial request for costs) – $6,051.33 (Plaintiff's conceded reduction) = $46,066.71 (total cost award).